## Anton Klaus et al., Defendants in Error, v. J. H. Flick Construction Company, Plaintiff in Error.

### Gen. No. 21,572.

1. FRAUD, § 115*—*when evidence sufficient to show fraud in procuring contract.* In an action for wages by laborers, *held* under the evidence that contract interposed as a defense was procured by fraud, it appearing that plaintiffs had been in this country only a short time, were ignorant of English, and that they had signed a contract which made them subcontractors, and which they thought was a receipt for rubber boots.

2. MASTER AND SERVANT, § 65*—*when servant may recover value of services.* Where a contract of employment is invalid because it was obtained by fraud, the servant is entitled to recover the reasonable value of his labor.

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916. Rehearing denied April 24, 1916.

EDDY, WETTEN & PEGLER, for plaintiff in error; JASPER F. ROMMEL, of counsel.

CHARLES P. SCHWARTZ and H. J. FRIEDMAN, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiffs, eight in number, brought suit for the value of their services as laborers while employed by defendant. Upon trial the jury returned a verdict against defendant for $325, upon which judgment was entered. Defendant seeks to have this judgment reversed. No briefs have been filed or arguments made in this court on behalf of plaintiffs.

The defendant is engaged in general railroad con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tracting. At the time in question it was engaged in grading the right of way of the Chicago, Milwaukee & St. Paul Railway Company in Wisconsin. Through an employment agency in Chicago plaintiffs were sent to the place of this work. Before commencing work these laborers were asked to sign a contract, which apparently was signed by each of them. This contract is now interposed as a defense. We have inspected the original contract as it appears in the record. It fills a page of legal cap and is typewritten in half space. There are also interlineations and insertions made with pen and ink in various places. It has been difficult for this court to understand parts of it, or even to read all of some of its provisions. In its general scheme it seems to be an attempt to fix upon each laborer the character of a subcontractor, with conditions that he should receive no pay for his work until the engineer of the Railway Company should in writing approve the work of all the so-called subcontractors. It also contemplates that from the laborers' pay should be deducted rent of cars, track and tools, and these must be returned in as good condition as when furnished, and if not the laborers were to be charged for their full value. There is also a provision written with pen and ink which is not wholly legible, but it seems to obligate the laborers to assume the cost of constructing a camp and open roads, and other work done before they arrived at this place.

These laborers were born in foreign countries, most if not all in Bohemia. They had been in this country only a short time, and worked as hand laborers at track work. They were ignorant of English. Some of them testified that when the contract was presented they were told that it was a receipt for rubber boots which were given them. None of them understood what in fact they were signing.

From these facts, with other circumstances, the jury were at liberty to conclude that the signing of the

contract was procured by fraud. From the verdict it is evident that the jury were of that opinion, and with this conclusion this court without hesitation is in accord. The mere statement of the facts impels to this conclusion. The contract, procured by fraud in fact, is invalid, and therefore falls from the case.

Objections are made to the rulings of the court upon the introduction of testimony and to the instructions to the jury, but errors in this respect, if any, are not of sufficient importance to require a reversal. Other points urged by counsel for defendant do not persuade us.

Plaintiffs were entitled to recover the reasonable value of their labor. The evidence justifies the amount returned by the verdict. The judgment is right and is affirmed.

*Affirmed.*